*FILED*

*2008 MAR 27 PM 1:56*

*U.S. BANKRUPTCY COURT*
*BRUNSWICK, GA*
*SAMUEL L. KAY, CLERK*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

|  |  |  |
|---|---|---|
| IN RE: DEBI F. FRY | ) | CHAPTER 7 CASE |
|  | ) | NUMBER 03-20394 |
| Debtor | ) |  |
|  | ) |  |
| ──────────────── | ) |  |
|  | ) |  |
| SOUTHEAST LANDCO, LLC | ) | ADVERSARY PROCEEDING |
|  | ) | NUMBER 07-02015 |
| Plaintiff | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| 150 BEACHVIEW HOLDINGS, LLC | ) |  |
|  | ) |  |
| Defendant | ) |  |

## OPINION AND ORDER ON MOTION TO DISMISS

This matter is before me on the Motion for Court to Dismiss Case Without Prejudice ("Motion") filed by Plaintiff Southeast LandCo, LLC ("Southeast") under Rule 41 of the Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7041 of the Federal Rules of Bankruptcy Procedure. I do not reach the merits of the Motion, but rather dismiss without prejudice both the adversary complaint and the counterclaim by Defendant 150 Beachview Holdings, LLC

("Beachview") as not related to a pending bankruptcy case and thus not within the subject matter jurisdiction of the federal courts. Further, I find no basis for an award of costs or attorneys' fees under either federal law or state law.

## Background

The Motion is the product of the parties' inability to agree on the terms of a stipulated dismissal of this adversary proceeding. The substance of the Motion is irrelevant, however, to the question of subject matter jurisdiction, and I recount instead the following facts and procedural history.

The events that gave rise to this adversary proceeding (and other lawsuits as detailed below) occurred on August 1, 2006, the date on which Beachview, as holder of a first position deed to secure debt, scheduled a non-judicial foreclosure sale to auction a lease for real property (the "Leasehold"). Fry, whose chapter 7 discharge had been entered a year earlier on August 4, 2005, was one of several individuals who held an interest in the Leasehold.[1] Southeast made the winning bid, but in a second and allegedly improper sale conducted that day, Beachview as the only

---

[1] Fry's interest, although included in the bankruptcy estate created by operation of law under § 541, was rejected by the Trustee, as recited in the Order entered on November 11, 2003, granting relief from the automatic stay. In re Fry, No. 03-20394 (Bankr. S.D. Ga. filed Mar. 18, 2003) (Order Granting Relief from Stay, Dkt. # 35).

participant was declared the high bidder with a bid that was significantly lower than what Southeast bid in the first sale.

Subsequently, on August 25, 2006, Fry assigned to the chapter 7 Trustee all her interest in all claims and causes of action arising from Beachview's foreclosure on the Leasehold. That same day, the Trustee and Colony Bank Worth ("Colony Bank"), the holder of a second position security interest in the Leasehold, filed in this Court a Complaint for Wrongful Foreclosure and Complaint for Equitable Subordination Pursuant to 11 U.S.C. § 510 against Beachview (the "06 Adversary Proceeding").[2]

Meanwhile, on August 11, 2006, Southeast had filed a Complaint and Request for Temporary Restraining Order and Preliminary Injunction against Beachview in the United States District Court for the Southern District of Georgia (the "District Court Action").[3] That lawsuit was dismissed by Judge Anthony A. Alaimo on September 20, 2006, for lack of subject matter jurisdiction. Southeast LandCo, LLC v. 150 Beachview

---

[2] Colony Bank Worth & R. Michael Souther, Ch. 7 Tr. v. 150 Beachview Holdings, LLC, Adv. P. No. 06-02037 (Bankr. S.D. Ga. filed Aug. 25, 2006).

[3] Southeast LandCo, LLC v. 150 Beachview Holdings, LLC, No. CV206-177, 2006 WL 2724905 (S.D. Ga. Sept. 20, 2006).

Holdings, LLC, No. CV206-177, 2006 WL 2724905 (S.D. Ga. Sept. 20, 2006) (Dkt. # 34).

Within one week of Judge Alaimo's dismissal order in the District Court Action, Beachview filed in this Court a motion to dismiss the 06 Adversary Proceeding, alleging lack of subject matter jurisdiction. Colony Bank & R. Michael Souther v. Beachview, Adv. P. No. 06-02037 (Defendant's Mot. to Dismiss Adversary Proceeding, Sept. 26, 2006, Dkt. # 5). Three days later, Southeast filed against Beachview a Complaint and Request for Temporary Restraining Order and Preliminary Injunction in Fulton County Superior Court (the "First Fulton Action").[4]

I denied Beachview's motion to dismiss the 06 Adversary Proceeding.[5] Colony Bank & R. Michael Souther v. Beachview, Adv.P. No. 06-02037 (Mem. Op. and Order on Def.'s Mot. to Dismiss, Mar. 23, 2007, Dkt. # 28), appeal denied, No. CV207-48 (S.D. Ga. May 9, 2007).

---

[4] Southeast LandCo, LLC v. 150 Beachview Holdings, LLC, 2006 CV 123546 (Fulton Co. Super. Ct., Ga., filed Sept. 29, 2006, voluntarily dismissed without prejudice June 4, 2007).

[5] Subject matter jurisdiction in the 06 Adversary Proceeding was premised on a different ground than that which Judge Alaimo found insufficient in the District Court Action. For details of the distinction, see n.6 of the Memorandum Opinion and Order, Colony Bank & R. Michael Souther v. Beachview, Adv. P. No. 06-02037 (Dkt. # 28).

Subject matter jurisdiction having been established, Southeast on May 24, 2007, filed in the 06 Adversary Proceeding a Motion for Leave to Intervene and for Joinder of Persons Needed for Just Adjudication. Colony Bank & R. Michael Souther v. Beachview, Adv. P. No. 06-02037, Dkt. # 45. Shortly thereafter, on June 4, 2007, Southeast initiated this adversary proceeding with a Complaint and Request for Preliminary Injunction ("Complaint"), filing concurrently a Motion to Consolidate with the 06 Adversary Proceeding. The same day, Southeast dismissed the First Fulton Action, allegedly in anticipation of summary judgment in favor of Beachview (Def.'s Resp. in Opp'n to Pl.'s Mot. for Ct. to Dismiss Case Without Prejudice 3).

By late-June 2007, both the Trustee and Colony Bank had reached settlement agreements with Beachview in the 06 Adversary Proceeding. See Colony Bank & R. Michael Souther v. Beachview, Adv. P. No. 06-02037 (Mot. to Approve Compromise/Settlement filed by R. Michael Souther, June 28, 2007, Dkt. # 83). Colony Bank entered a stipulation of dismissal with prejudice of its claims against Beachview in the 06 Adversary Proceeding on August 6, 2007. Id. at Dkt. # 99. I approved the settlement between the Trustee and Beachview on September 6, 2007. Id. at Dkt. # 100.

On July 24, 2007, with its Motion to Intervene and for Joinder still pending in the 06 Adversary Proceeding[6] and aware that the parties had agreed to settle, Southeast filed a second lawsuit in Fulton County Superior Court (the "Second Fulton Action").[7] The Second Fulton Action is currently pending and "progressing with motions and discovery," according to Southeast (Mot. ¶ 8). Also pending is a counterclaim by Beachview that Southeast represents is "almost identical" to the Counterclaim here. (Id. ¶ 5.)

## Discussion

### I. Jurisdiction

There is no federal subject matter jurisdiction of this adversary proceeding, because the dispute between these parties is not related to Fry's bankruptcy case. Accordingly, I am

---

[6] I denied the Motion to Intervene and for Joinder. Id. (Order Denying Mot. to Intervene and Denying Request for Joinder of Persons, Sept. 27, 2007, Dkt. # 104). I also denied as moot the Motion to Consolidate filed by Southeast in this adversary proceeding (Order Denying Mot. to Consolidate, Sept. 27, 2007, Dkt. # 50), the 06 Adversary Proceeding having settled by the time my Order issued.

[7] Southeast LandCo, LLC v. 150 Beachview Holdings, LLC, 2007 CV 137396 (Fulton Co. Super. Ct., Ga., filed July 24, 2007).

without power to reach the merits and must dismiss both the Complaint and the Counterclaim under F.R.C.P. 12(h)(3).[8]

A court that is without jurisdiction cannot render judgment. Fitzgerald v. Seaboard System R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Id. Once a court determines that it lacks subject matter jurisdiction, it must dismiss the action. F.R.C.P. 12(h)(3). Dismissal on jurisdictional grounds is without prejudice. Boda v. United States, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983).

### A. The Complaint

"[T]he jurisdiction of the bankruptcy courts to hear cases related to bankruptcy is limited initially by statute and eventually by Article III." Miller v. Kemira (In re Lemco Gypsum, Inc.), 910 F.2d 784, 787 (11th Cir. 1990) (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)). By statute, the district court has subject matter jurisdiction of all proceedings

---

[8]  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." F.R.C.P. 12(h)(3) (made applicable in adversary proceedings by F.R.B.P. 7012(b)).

that are related to bankruptcy cases. 28 U.S.C. § 1334(b).[9] The district court may refer any or all such proceedings to the bankruptcy judges for the district. 28 U.S.C. § 157(a).[10] Accordingly, if there is no subject matter jurisdiction of a dispute in the district court under § 1334(b), there can be no subject matter jurisdiction of the dispute in the bankruptcy court under § 157(a).

The jurisdictional grant over proceedings related to a bankruptcy case under § 1334(b) requires a connection—"some nexus"—between the related proceeding and the bankruptcy case. Lemco Gypsum, 910 F.2d at 787. As Judge Alaimo concluded when he dismissed the District Court Action involving the same dispute between the same parties, I also conclude that no such nexus exists here.

A nexus sufficient to confer jurisdiction exists if the outcome of the action "could alter the debtor's rights, liabilities, options, or freedom of action . . . and [if the outcome] in any way impacts upon the handling and administration

---

[9] Section 1334(b) provides in pertinent part that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 11 U.S.C. § 1334(b).

[10] "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

of the bankruptcy estate." Id. (citing Pacor, 743 F.2d at 994). There is no subject matter jurisdiction when the dispute is between third parties over non-estate property. Romar Int'l Ga., Inc. v. Southtrust Bank of Ala. (In re Romar Int'l Ga., Inc.), 198 B.R. 401, 404 (Bankr. M.D. Ga. 1996).

Here, Southeast and Beachview are third parties engaged in a dispute over property that left the bankruptcy estate more than four years ago. See supra n.1. As Judge Alaimo held, "a dispute between two non-debtor parties, over rights pertaining to the lease, is not 'related to' the bankruptcy case of Debi Fry." Southeast LandCo, LLC v. 150 Beachview Holdings, LLC, 2006 WL 2724905, at *3. Accordingly, there is no federal subject matter jurisdiction of the Complaint.

## B. The Counterclaim

As there is no subject matter jurisdiction of the Complaint, so also is there no subject matter jurisdiction of the Counterclaim. The Counterclaim is no more related to Fry's bankruptcy case than is the Complaint.

The first two counts of the Counterclaim allege liability against Southeast based on which party is deemed to have title to the Leasehold. (Countercl. ¶¶ 19-22.) Resolution of

the title question requires adjudication of the Complaint. As established above, there is no federal subject matter jurisdiction of the Complaint. Because I cannot adjudicate the Complaint, I cannot adjudicate the allegations in the Counterclaim that arise out of the same dispute.

The third count of the Counterclaim asks me to enforce what Beachview alleges is a "valid, binding, and enforceable agreement" by Southeast to dismiss the Complaint. (Countercl. ¶¶ 23-25.) Enforcement of an agreement between two non-debtor parties that does not affect the debtor's rights nor the administration of the bankruptcy estate is outside the subject matter jurisdiction of the federal courts. Accordingly, there is no subject matter jurisdiction of Count III of the Counterclaim.

Finally, the fourth count of the Counterclaim seeks litigation expenses under section 13-6-11 of the Georgia Code. (Countercl. ¶¶ 26-27.) An award of attorneys' fees and costs under section 13-6-11 is inextricably tied to adjudication of the first three counts of the Counterclaim, as explained below. Accordingly, there is no subject matter jurisdiction of Count IV of the Counterclaim.

## II. Costs and Attorneys' Fees

Beachview seeks costs under Rule 41(d) of the Federal Rules of Civil Procedure as a condition of dismissal without prejudice (Def.'s Resp. 7). Because dismissal is for lack of jurisdiction under Rule 12(h)(3), I do not consider an award of costs under Rule 41(d).

Beachview also seeks costs and attorneys' fees under section 13-6-11 of the Georgia Code, which I am without power to consider, as established above. I do, however, consider sua sponte an award of costs under 28 U.S.C. § 1930(d) and conclude that such an award is not warranted here.

### A. Ga. Code Ann. § 13-6-11

Section 13-6-11 of the Georgia Code provides for litigation expenses as a part of damages "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." Ga. Code Ann. § 13-6-11. This section does not create an independent cause of action. Lamb v. Salvage Disposal Co. of Ga., 535 S.E.2d 258, 261 (Ga. Ct. App. 2000) (citing Brown v. Baker, 398 S.E.2d 797 (1990)). Rather, it "merely permits in certain limited circumstances the recovery of the expenses of litigation incurred

as an additional element of damages." Id. Although the general rule is that only a plaintiff may recover under this section, a defendant may recover in connection with prosecution of an independent counterclaim. Williamson v. Harvey Smith, Inc., 542 S.E.2d 151, 156 (Ga. Ct. App. 2000) (citing Gardner v. Kinney, 498 S.E.2d 312 (1998)).

Here, because there is no subject matter jurisdiction of the first three counts of the Counterclaim, there can be no prosecution and thus no damages award in which to include an "additional element" of attorneys' fees and litigation expenses. Consequently, Beachview may not recover costs or attorneys' fees under section 13-6-11 of the Georgia Code.

### B. 28 U.S.C. § 1930(d)

"Whenever any case or proceeding is dismissed in any bankruptcy court for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1930(d). Because of the absence of case law applying this subsection in bankruptcy adversary proceedings, I analogize from cases under 28 U.S.C. §

1919, which provides for an award of costs in dismissals for want of jurisdiction by district courts.[11]

"Just costs" do not include attorneys' fees. <u>Wilkinson v. D.M. Weatherly Co.</u>, 655 F.2d 47, 49 (5th Cir. Aug. 31, 1981).[12] Further, when a controversy is in active litigation in a state court, recovery of costs incurred respecting the merits is "speculative and premature." <u>Callicrate v. Farmland Indus., Inc.</u>, 139 F.3d 1336, 1342 (10th Cir. 1998). Costs properly recoverable include only those directed toward obtaining the dismissal for lack of jurisdiction. <u>Id.</u>

Here, as in <u>Callicrate</u>, the parties are actively litigating the dispute in state court in the Second Fulton Action. Consequently, any award of costs toward the merits of the dispute would be premature. Rather, the party that prevails in the Second Fulton Action should seek recovery of costs there under Georgia law, if applicable. <u>See id.</u> at 1343. Moreover, because I dismiss sua sponte for lack of subject matter

---

[11] "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919.

[12] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981).

jurisdiction, Beachview has no claim for costs directed toward obtaining the dismissal.[13]

### Conclusion

There is no federal subject matter jurisdiction of the dispute between Southeast and Beachview. Consequently, I have no power to rule on the merits of either the Complaint or the Counterclaim, which are dismissed under F.R.C.P. 12(h)(3). Further, there is no basis for an award of costs or attorneys' fees, whether under F.R.C.P. 41(d), section 13-6-11 of the Georgia Code, or 28 U.S.C. § 1930(d).

It is therefore ORDERED that this adversary proceeding is DISMISSED WITHOUT PREJUDICE, both the Complaint and the Counterclaim, for lack of subject matter jurisdiction.

John S. Dalis
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 27th day of March, 2008.

---

[13] Beachview asserted lack of subject matter jurisdiction as an affirmative defense in its Answer, but this defense was neither briefed, heard, nor referenced in any subsequently-filed papers.